# Rickner PLLC

Rob Rickner | rob@ricknerpllc.com

February 4, 2022

**Via ECF**

Hon. Katherine Polk Failla
United States District Court
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007



Re:   *Ferguson v. The City of New York, et al.*, 22-cv-01000-KPF

Dear Judge Failla,

We, along with Carolyn A. Kubitschek of Lansner & Kubitschek, represent Plaintiff Ronisha Ferguson, who brings claims under 42 U.S.C. § 1983, on behalf of herself and her two minor children, against police officers who illegally entered her home, without a warrant or consent or exigent circumstances, and against the child welfare investigators and supervisory personnel from the New York City Administration for Children's Services who, assisted by the these police officers, removed Ms. Ferguson's two children from her and detained the children wrongfully for a month, including time in a foster placement where they were physically abused.

We write to seek expedited discovery, so she can determine the full names of the four police officers and the Administration for Children's Services director who were responsible. And we write to explicitly seek leave to amend the Complaint, once these individuals are identified, to ensure the statute of limitations on the claims against these individuals does not pass.

**Background**

On Thursday, February 7, 2018, several of the defendants appeared at Ms. Ferguson's apartment to investigate an allegation that plaintiff's then six-year-old son that a mark on his face, under his left eye, that both the 6-year-old and 4-year-old sons had multiple unexcused absences from school, and that both boys had poor hygiene and soiled clothing.  Ms. Ferguson answered the investigators' questions. When her children returned from school, Ms. Ferguson made the boys available to speak with the investigators, who observed that the boys' hygiene was adequate. The older boy explained that he had sustained a minor injury when his grandmother's cat had scratched his face on the previous weekend, while the two boys were visiting the grandmother; and the investigators were able to see the superficial mark on the boy's face. When the defendants asked to search Ms. Fergusons's apartment, however, Ms. Ferguson declined to let them enter her home.

The Defendants returned to their office and, along with their supervisors and the deputy director, decided to remove the boys from their home and place them in foster care. Although child

Rickner PLLC

welfare investigators have the authority to remove children in exigent circumstances, the defendants did not return to Ms. Ferguson's home and immediately remove the children. Instead, the punted the case to the evening and night shift of ACS, the Emergency Children's Services.

ECS likewise treated the situation as non-emergent, waiting until 3:40 AM to take any action. At that time, ECS staff called the New York City Police Department for assistance in removing the children. Police officers Cotto (whose first name is unknown) and Basora (whose first name is unknown) responded an hour later, along with two other police officers whose full names are unknown. The complaint includes a photograph of all four officers.

When Ms. Ferguson responded to a banging on her door in the middle of the night, the police officers forced their way into her apartment, followed by the ECS investigators. They took the children away from their home and their mother, and into the custody of the Administration for Children's Services. After the boys spent some days in a locked institution, ACS moved them to a foster home where the foster mother physically abused both boys, beating them repeatedly with her hands and with objects. The children remained in ACS custody during the pendency of a trial. At the conclusion of the trial, on March 7, 2019, a Family Court judge ordered the return of the boys to Ms. Ferguson.

The statute of limitations on Ms. Ferguson's constitutional claims expires on February 7, 2022, applying the standard 3 year statute. Applying the toll in the COVID-related Executive Order 202.8 extends the statute of limitations to September 23, 2022. *See Bonilla v. City of New York*, No. 20-CV-1704 (RJD)(LB), 2020 WL 6637214, at *3 (E.D.N.Y. Nov. 12, 2020) (affirming the magistrate's order applying COVID tolling to 42 U.S.C. § 1983 claims against NYPD officers). The statute for the boys tolls until they reach majority.

**Argument**

Under Federal Rule of Civil Procedure 26(d)(1) a party can seek discovery before the Rule 26(f) Conference only "when authorized by these rules, by stipulation, or by court order." "Courts in this district have applied a 'flexible standard of reasonableness and good cause' in determining whether to grant a party's expedited discovery request." *Digital Sin, Inc. v. Does 1-176*, 279 F.R.D. 239, 241 (S.D.N.Y. 2012) (quoting *Ayyash v. Bank Al–Madina*, 233 F.R.D. 325, 326–27 (S.D.N.Y.2005)).

Courts in the Second Circuit have employed two tests for determining whether there is good cause. *See Litwin v. OceanFreight, Inc.*, 865 F. Supp. 2d 385, 402 (S.D.N.Y. 2011) (explaining the two tests). The first is a "reasonableness standard, which requires the party seeking the discovery to prove that the requests are reasonable under the circumstances." *KeyBank, Nat. Ass'n v. Quality Payroll Sys., Inc.*, 06-CV-3013 (JS)(AKT), 2006 WL 1720461, at *4 (E.D.N.Y. June 22, 2006) (quotation omitted). The second is a four-part balancing test, which mirrors the standard for a preliminary injunction:

> (1) irreparable injury, (2) some probability of success on the merits, (3) some connection between the expedited discovery and the avoidance of the irreparable injury, and (4) some evidence that the injury that will result without expedited

> discovery looms greater than the injury that the defendant will suffer if the expedited relief is granted.

*Notaro v. Koch*, 95 F.R.D. 403, 405 (S.D.N.Y. 1982).

Ms. Ferguson satisfies either test. *First*, there will be irreparable injury if she cannot identify all the officers correctly, because under Federal Rule of Civil Procedure 15(c)(1)(C), Ms. Ferguson has only 90 days from the date his complaint was filed to identify and serve them. Otherwise, any amendment may not relate back to the date of the original filing.

Ms. Ferguson certainly has strong arguments that any future amendment would relate back, because all defendants will likely be represented by the New York City Law Department (who will have knowledge of this case when they are served with this motion), and because Ms. Ferguson has described the defendants with particularity, by providing photographs of all four police officers, plus the last names of two of the officers, and by providing a copy of the ACS investigation record in which the defendants redacted the name of the ACS director who participated in the decision to remove and detain the infant plaintiffs from their mother. *See Bishop v. Best Buy, Co. Inc.*, 08-CV-8427 (LBS), 2010 WL 4159566, at *3 (S.D.N.Y. Oct. 13, 2010) (allowing relation back under Rule 15(c) because all John Does were described in detail and were "all represented by the same attorney"); *Hogan v. Fischer*, 738 F.3d 509, 519 (2d Cir. 2013) (allowing relation back for claims under 42 U.S.C. §1983 because under state law a plaintiff need only show that they requested the names of the John Does in discovery before the statute of limitations ran, and that they described the incident clearly, including descriptions of the John Does, in the complaint). But even so, there is no guarantee these arguments would be successful, so Ms. Ferguson may be irreparably harmed unless she timely obtains the names of the four police officers and the ACS deputy director.

*Second*, there is a strong probability of success on the merits. The police officers forced their way into Ms. Ferguson's home in the wee hours of the morning of February 8, 2019, without probable cause, consent, or exigent circumstances. Then they participated in an unconstitutional removal and detention of the infant plaintiffs from their mother, in conjunction with all the ACS defendants, a detention which ended only when a judge ordered the return of the children after a trial.

*Third*, the potential injury will be completely extinguished if Ms. Ferguson can obtain discovery of the full names of the officers and the ACS director and timely amend her complaint.

*Fourth*, there is very little burden on the City of New York. In pro se cases, the City is regularly required to identify officers pursuant to a *Valentin* order. *See Valentin v. Dinkins*, 121 F.3d 72, 76 (2d Cir. 1997), *see e.g., Bishop v City of New York*, 13-CV-9203 (AJN), 2016 WL 4484245, at *1 (S.D.N.Y. Aug. 18, 2016) (explaining that a *Valentin* order requires the City to identify officers). Further, with regard to the ACS director, the City provided its ACS investigation records to plaintiff in response to a FOIL request, made under N.Y. Soc. Serv. L. §422(4)(d). However, the City deliberately redacted the name of the ACS Deputy Director from the copy of the records which it provided to plaintiffs, although N.Y. Soc. Serv. L. §422 does not authorized

Rickner PLLC

that redaction. Obviously, the unredacted records in the City's possession show the name of that Defendant.

Consequently, it is respectfully requested that the City of New York be ordered to identify the full names of Police Officers Cotto, Basora (possibly named Basura), "John Doe 2,, and "John Doe 3," as well as the ACS Deputy Director sued herein as "John or Jane Doe 1, in same manner as a *Valentin* order. Or in the alternative, plaintiff requests that this Court give Plaintiff leave to serve a so-ordered subpoena requiring the City of New York to provide this information or produce documents that contain this information.

In addition, Plaintiff asks for leave to amend the Complaint once these individuals are identified. Thus, the future Amended Complaint, we contend, would be deemed filed as of the date of this motion, and thus timely even without COVID tolling. *See Rothman v. Gregor*, 220 F.3d 81, 96 (2d Cir. 2000) ("When a plaintiff seeks to add a new defendant in an existing action, the date of the filing of the motion to amend constitutes the date the action was commenced for statute of limitations purposes.").

Counsel is serving this letter motion on the New York City Law Department by hand and by email, along with the Complaint, and the necessary releases.

Respectfully,

/s/

Rob Rickner
RICKNER PLLC

Carolyn A. Kubitschek
LANSNER & KUBITSCHEK

```
The Court is in receipt of Plaintiff's above letter.  The Court is
disinclined to grant Plaintiff's requested relief without first hearing
from Defendants.  Accordingly, Defendants are hereby ORDERED to respond
to Plaintiff's above letter within one week of filing their notice of
appearance.
```

Dated:   February 4, 2022
         New York, New York

SO ORDERED.

*[signature: Katherine Polk Failla]*

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE

212-300-6506 | 14 WALL STREET, SUITE 1603 NEW YORK, NY 10005 | RICKNERPLLC.COM